David J. McGlothlin, Esq. (SBN: 253265)
david@southwestlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for the Plaintiff
Stacey Ortega

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| Stacey Ortega | Case No.: 5:11-cv-02235-EJD |
|---|---|
| Plaintiff, | **DECLARATION OF DAVID J. MCGLOTHLIN IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| Griggs & Associates LLC and Jeanille Lanier Griggs | |
| Defendants. | |

I, David J. McGlothlin hereby declare under penalty of perjury that the following is true and correct:

1. I am the attorney for the Plaintiff, Stacey Ortega, in the above-entitled action.

2. I am licensed to practice law in the United States District Court District of Arizona, all District Courts in California, as well as all California and Arizona state courts.

3. I have personal knowledge of the information contained in this declaration

and could testify to such if called to do so. I submit this declaration in support of Plaintiffs' Motion for Default Judgment and Plaintiffs' attorneys' fees and costs.

**Case History**

4. I personally handled Plaintiffs' case from beginning to end. When I needed to seek advice, I consulted the founding partners at Hyde & Swigart, Mr. Joshua Swigart and Robert Hyde, both of whom have been approved at a hourly rate of $355 per hour.

5. The original complaint was filed on May 6, 2011 and was served on Defendant on July 21, 2011.

6. Defendants' registered agent for service of process was personally served.

7. Subsequentlly, I sent a letter directly to the Defendant and to their registered agent for service of process regarding the case, and warning them of the impending default judgment.

8. When it became apparent that Defendant was going to refuse to file a responsive document, Plaintiffs requested default and Defendant was placed in default on November 7, 2011.

9. In November a man identifying himself as George Heath contacted Plaintiff's counsel purporting to represent Defendant Griggs.

10. Preliminary settlement discussions took place, but when a settlement could not be reached, Mr. Heath stopped responding.

11. Throughout these conversations, Defendant was repeatedly warned that Plaintiff was seeking default judgment, and Defendant was requested to file a response with the Court.

**Counsel's Experience in Support of Attorneys' Fees Request**

12. I practice law full time as a private consumer rights plaintiff's attorney and am the sole managing associate at Hyde & Swigart, Phoenix, Arizona office. My primary responsibilities include managing the Phoenix office including

and handling all attorney responsibilities within Arizona as well as handling cases in the Eastern and Northern Districts of California.

13. I regularly manage and supervise other associates and staff within our firm, assigning projects and giving advice.

14. I was primarily responsible for opening our office in Phoenix, Arizona, and developing this location's caseload.

15. Hyde & Swigart's practice is almost exclusively devoted to the litigation of Federal Fair Debt Collection Practices Act matters.

16. I have worked for this firm for almost six years and as an attorney since 2007.

17. I have undergone extensive training in the area of the fair debt collection practices. The following is a list of recent training conferences:
    - National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Tucson, AZ in March 2007;
    - Three-day intensive training with Peter F. Barry in San Diego, CA in November 2007;
    - National Consumer Law Center: Fair Debt Collecting Training Conference in Nashville, TN in March 2008;
    - National Consumer Law Center: Consumer Rights Litigation Conference in Portland, OR in October 2008;
    - National Consumer Law Center: Fair Debt Collecting Training Conference in San Diego, CA in February 2009;
    - National Consumer Law Center: Fair Debt Collecting Training Conference in Seattle, WA in March 2011.

18. I have been requested to and have made regular appearances on KFNN 1510 Financial News Radio regarding consumer rights and debt collection laws.

19. I have appeared on KPHO's Channel 5 10:00 p.m. news program to discuss abusive debt collectors and consumer's rights.

20. Plaintiff's counsel's hourly rates include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office and other overhead expenses. FDCPA litigation inevitably involves large corporations, which have the capacity to bring enormous resources to bear that individual consumers are simply unable to meet on their own. Collection companies vigorously resist settling cases, and as here, at times refuse to file any responsive pleading in response to our Complaint. If plaintiff's attorneys are not compensated at a rate that allows them to maintain the technological – as well as intellectual and professional resources – to match corporate defendants' exhaustive resources, consumers simply cannot prevail. Few attorneys have the means and ability to take these cases, and if those that do so are not compensated at a rate that allows them the chance of prevailing on behalf of consumers, these cases will not be brought, and the remedial purpose of this legislation will fail.

21. Unfortunately, there are very few attorneys who regularly represent plaintiffs in cases involving the FDCPA. This is most likely due to the specialized and complex nature of the statute and case law and due to the relative financial resources of the respective parties, whereby the consumer is often forced to "match resources" with the defendant and litigate his or her rights up to – and sometimes through – trial.

22. The average consumer does not have funds to litigate this type of case. Therefore, in further justification of our fees, I note that we take such cases on a contingency fee basis, advance all litigation costs and do not charge the consumer one penny up front. If the case is lost, we do not get paid. This alone would justify a fee rate well in excess of the fees we charge for doing hourly work.

23. My firm's fees are based on our experience, our proficiency, and our winning track record.

24. The following selection of FDCPA cases litigated by Hyde & Swigart have been adjudicated in our favor and highlight the experience of my firm:

   a. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005)(Summary judgment was granted sua sponte in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

   b. *McDonald v. Bonded Collectors, L.L.C.*, 233 F.R.D. 576; (S.D. Cal. 2005)(Motion to amend complaint allowed because the state collection act allows the assertion of class remedies as a result of the amendment included in Cal. Civ. Code § 1788.17).

   c. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005)(Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required).

   d. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004)(Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA).

   e. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction).

    f. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007)(Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable).

    g. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008); Currently on petition to the Supreme Court of California (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing).

25. In the last year I have also defended several consumers being sued by collectors on consumer debts. For my services I charged, and my client's paid, $250-$300 per hour for my work.

26. My hourly rate has been established at $275 per hour. *See Perkons v. American Acceptance*, No. CV-10-8021-PCT-PGR (D. Ariz. 2010) and *Cuyler v. Jacobson & Associates LLC et al*, No. 2:20-cv-00295-TMB (D. Ariz. 2011).

27. In this case, I am asking for a modest raise in my established hourly rate from $275 per hour that was established in 2010 to $295, in order to reflect the experience gained in the last two years.

**Attorneys' Fees and Costs Incurred**

28. I respectfully submit that this firm utilized skill, careful and thorough preparation and investigation through litigation to reach a favorable result for the Plaintiffs. After carefully reviewing my firms billing records, I determined that the fees were reasonably incurred in litigating this case to a successful resolution.

29. I billed 17.2 hours at a rate of $295 per hour for work on this case for a total of $5,074.00.

30. My support staff billed approximately .8 hours for work on this case for a grand total of $5146.00 in fees.

31. A reduction of approximately 6.1 hours was taken at arriving at these numbers including: reducing the hours billed for reviewing documents, researching various issues of the case and motion for default, as well as no charging for several tasks including phone calls, clerical work, emails, messages, etc. I reduced the amount based on reasonable billing discretion.

32. My office has incurred a total of $562.93 in costs for this entire action. That amount represents a filing fee, process service fee, copies, and postage.

33. The total amount of fees and costs my office seeks is **$5,708.93.**

34. Attached to Plaintiff's Motion as Exhibit "A", is a true and correct copy of Hyde & Swigart's Fees and Costs Report for the instant action detailing all attorney's fees and costs incurred successfully litigating this action through the date of Plaintiff's first request for default judgment.

35. Attached to Plaintiff's Motion is a true and correct copy of the Declaration of Stacey Ortega in support of Plaintiff's Motion for Default Judgment.

36. Attached to Plaintiff's Motion is a true and correct copy of the Declaration of Joshua Swigart in Support of Request for Approval of Attorneys Fees.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on February 2, 2012

                                      Hyde & Swigart

                                      By:   /s/ David J. McGlothlin
                                      David J. McGlothlin
                                      Attorney for the Plaintiff