United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STACEY ORTEGA, | CASE NO. 5:11-CV-02235-EJD |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| GRIGGS & ASSOCIATES LLC and JEANILLE LANIER GRIGGS, | [Re: Docket Item No. 25] |
| Defendants. | |

Plaintiff Stacey Ortega moves for entry of default judgment in the amount of $7,708.93 against Defendants Griggs & Associates, LLC and Jeanille Lanier Griggs. Plaintiff seeks damages stemming from Defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"), and for attorneys' fees and costs. The Court took the Plaintiff's motion under submission without oral argument pursuant to Civil L.R. 7-1(b) on February 3, 2012. Having considered the moving papers, the briefs, and the evidence presented, the motion is granted for the reasons discussed below.

## I. BACKGROUND

### A. Factual History

Plaintiff defaulted on a personal debt sometime before April 11, 2011. Compl. ¶¶ 20–23. Once overdue, the debt was assigned to the Defendants for collection. Id. ¶ 24. On or about April

1

1   11, 2011, an agent of the Defendants telephoned Plaintiff and demanded payment of the debt. Id. ¶
2   25. During this telephone conversation the Defendants' agent indicated that there was an impending
3   criminal case against the Plaintiff for failure to pay her debt. Id. ¶ 28. After this initial
4   communication, Defendants' agent called the Plaintiff again on April 25, 2011. Id. ¶ 37. During
5   this second phone conversation, Defendants' agent repeated the statement that the Plaintiff would be
6   criminally prosecuted for failure to pay her debt and threatened to "intercept" her paycheck. Id. ¶
7   38. On or about April 26, 2011, Defendants' agent called the Plaintiff's place of employment and
8   spoke to Plaintiff's coworker. Id. ¶¶ 45, 49. During this third call, Defendants' agent represented
9   that he was from the "D.A.'s Office" and that if the Plaintiff did not return this call the agent could
10  "legally take action and have her arrested at her place of employment." Id. ¶ 49.

### B. Procedural History

Plaintiff filed this action on May 6, 2011. After Defendants Griggs & Associates, LLC and Jeanille Lanier Griggs were served with process and failed to respond in a timely manner, ECF No. 14, Plaintiff moved for entry of default and served the motion by mail. ECF No. 15. The clerk entered default on November 7, 2011. ECF No. 20. Plaintiff moved for default judgment on February 3, 2012, and has provided proof of service indicating that a copy of the application for default judgment was mailed to each Defendant. ECF No. 25 & attachment no. 4. Defendants have not made any appearance in this case despite having notice of the action and having communicated with Plaintiff's counsel. See McGlothlin Decl. ¶¶ 10-11, ECF No. 14.

## II. DISCUSSION

### A. Jurisdiction

Courts have an affirmative duty to examine their own jurisdiction—both subject matter jurisdiction and personal jurisdiction—when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

#### 1. Subject Matter Jurisdiction

The plaintiff seeks relief pursuant to a cause of action authorized by 15 U.S.C. § 1692k. As a result, the court has federal question subject matter jurisdiction over this case. See 28 U.S.C. § 1331.

### 2. Personal Jurisdiction

Plaintiff bears the burden of establishing the Court's personal jurisdiction over the Defendants. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Service of a summons in a federal action establishes personal jurisdiction over a defendant who would be subject to jurisdiction of a court of general jurisdiction of the state in which the district court is located. Fed. R. Civ. P. 4(k)(1)(A). California permits its state courts to exercise personal jurisdiction to the maximum extent permitted by the U.S. Constitution. Cal. Civ. Proc. Code § 410.10. Personal jurisdiction over a defendant does not violate the due process protections of the U.S. Constitution when (1) the defendant has purposefully directed his activities at residents of the forum state, and (2) the litigation arises out of the defendant's forum-related contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

Upon review of the certificates and affidavits of service, the court finds that Plaintiff effected service of process in conformity with Fed R. Civ. P. 4(c) and 4(e)(1) and Cal. Civ. Proc. Code § 415.20(b). See ECF No. 14. Although the Defendants are located in Austell, Georgia, Compl. ¶ 14, their phone calls to the Plaintiff (a California resident) constitute purposeful direction. The litigation arises out of the phone calls. Accordingly, the Court has personal jurisdiction over the Defendants in this case.

### B. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true,

except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). Here, the court finds that the Eitel factors favor entry of default judgment.

### 1. Prejudice to the Plaintiff

Because Defendants have elected not to take part in this case, Plaintiff will be denied the right to have her claims heard and to seek relief from an allegedly abusive debt collector if default judgment is not granted. This constitutes prejudice supporting the entry of a default judgment.

### 2. Merits of the Substantive Claim and Sufficiency of the Complaint

Plaintiff has stated a compelling case that Defendants violated 15 U.S.C. §§ 1692c(b), 1692d, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(14), 1692g, and Cal. Civ. Code § 1788.17.

#### a. FDCPA

Plaintiff alleges that Defendants "use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts" or "regularly collect or attempt to collect, directly or indirectly, debts owed or due asserted to be owed or due another." Compl. ¶ 16. Defendants are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6). Plaintiff's allegation that Defendants qualify as debt collectors is consistent with their further allegations about the nature of Defendants' contact with the Plaintiff.

15 U.S.C. § 1692e(7) prohibits any debt collector from using a false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. Defendants violated this subsection by representing that there was a "criminal case" pending against plaintiff for failure to pay the debt. Compl. ¶¶ 28, 38.

15 U.S.C. § 1692e(4) prohibits a debt collector from making the representation that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. Likewise, 15 U.S.C. 1692e(5) prohibits a debt collector from making the threat to take any action that cannot legally be taken or that is not intended to be taken. Defendants engaged in this abusive conduct by representing that plaintiff's paycheck would be intercepted and she could be arrested at her place of employment for failure to pay the debt. Compl. ¶¶ 39, 48.

15 U.S.C. § 1692c(b) prohibits debt collectors from making contact with third parties without the prior consent of the consumer given directly to the debt collector. There are exceptions to this rule, but the Defendants' conduct does not qualify for any of them. Defendants violated this subsection by discussing the debt with Plaintiff's coworker at Plaintiff's place of employment. Compl. ¶¶ 45, 46, 49.

Finally, 15 U.S.C. § 1692e(14) prohibits debt collectors from the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. Defendants violated this portion of the statute when they stated they were from the "D.A.'s Office". Compl. ¶ 49.

### b. RFDCPA

Each of the above violations also constitutes a violation of the RFDCPA, which incorporates the provisions of the FDCPA by reference. See Cal. Civ. Code § 1788.17.

### 3. Sum of Money at Stake

An entry of default judgment may not be appropriate where a large sum of money is at stake. Eitel, 782 F.2d at 1472. Here, the total amount sought is $7,708.93. While not a paltry sum, the amount is not enough to outweigh the other factors, all of which favor the entry of default judgment.

### 4. Concern of Dispute of Material Fact or Excusable Neglect

Defendants were properly served with the complaint but have not presented a defense or otherwise communicated with the court. Though the Defendants have made no appearance in this action, their representative contacted Plaintiff's counsel; the representative and was informed of the current action and that Plaintiff was going to seek default judgment. McGlothlin Decl. ¶ 9–11, ECF No. 25 attachment no. 2. Preliminary settlement discussions took place, but the representative cut off contact once a settlement could not be reached. Id. at ¶ 10. Accordingly, there is no indication that the Defendants' failure to appear in this action is due to excusable neglect; rather, it seems clear that the decision not to appear is a deliberate choice. The Defendants' decision not to appear softens any concern about a serious dispute about material facts.

### 5. Public Policy Concern

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

5
CASE NO. 5:11-CV-02235-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e). These purposes are fulfilled by allowing aggrieved consumers to recover against violators of the statute. If courts are reluctant to exercise their discretion to enter default judgments, unscrupulous debt collectors might perceive that there is a chance of avoiding liability by simply choosing not to defend against FDCPA actions. Such a regime would render the statute toothless. Therefore, the policy behind the FDCPA favors entry of default judgment.

Finally, although strong public policy favors decisions on the merits, Defendants' choice not to appear in the action suggests that litigation of the merits will not be possible in this case. In sum, the court finds that the Eitel factors collectively favor entry of default judgment. The Court therefore GRANTS Plaintiff's motion for entry of default judgment.

**C. Scope of Relief**

**1. Statutory Damages**

The FDCPA and RFDCPA both allow for both actual and statutory damages. Plaintiff chooses to forgo actual damages and seek statutory damages only. Plaintiff requests an award of $2,000—the $1,000 available under the FDCPA plus the $1,000 allowed under the RFDCPA.

Remedies under the FDCPA and RFDCPA are cumulative and penalties may be awarded under both statutes for the same act. The FDCPA provides:

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency, For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n; see also Cal. Civ. Code § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."); Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1066–68 (2011). Statutory damages are available without proof of actual damages. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

6
CASE NO. 5:11-CV-02235-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

### a. FDCPA

A debt collector who fails to comply with any provision of the FDCPA is liable for statutory damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). In determining the amount of liability, the court shall consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional . . . ." Id. § 1692k(b)(1).

Here, the court concludes that Plaintiff has established several violations of the FDCPA based on Defendants' threats of an impending criminal action against Plaintiff, their contact with Plaintiff's employer, and their claim to be from the "D.A.'s office". These unrebutted facts indicate that Defendants made telephone calls that violated multiple provisions of the FDCPA on three separate occasions. The repeated calls suggest that Defendants acted in complete disregard of the FDCPA's requirements. The court finds that the maximum penalty is warranted on the record in this case.

### b. RFDCPA

The RFDCPA authorizes the imposition of a statutory penalty in an individual action that "shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). Cal. Civ. Code § 1788.30(b). For the same reasons that the Plaintiff is entitled to the maximum award under the FDCPA, the court concludes that the Plaintiff is entitled to $1,000 in statutory damages under the RFDCPA.

### 2. Attorney's Fees and Costs

Both the FDCPA and the RFDCPA direct a court to award attorney's fees to a prevailing consumer. 15 U.S.C. 1692k(a)(3); Cal. Civ. Code 1788.30(c). The court has reviewed the billing invoices and schedule of costs submitted in this case, and finds all charges to be wholly reasonable. Plaintiff's request to recover $5,146.00 in attorney's fees and $562.93 in costs is GRANTED.

/
/
/
/
/

7
CASE NO. 5:11-CV-02235-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

### III. ORDER

Plaintiff's motion for default judgment is hereby GRANTED. Plaintiff shall be entitled to recover $2,000 in statutory damages, $5,146 in attorney's fees, and $562.93 in costs. A judgment against the Defendants in the amount of $7,708.93 is filed concurrently herewith.

**IT IS SO ORDERED.**

Dated: July 13, 2012

EDWARD J. DAVILA
United States District Judge